# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BUCKEYE INTERNATIONAL, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case number 4:05cv0839 TCM |
| UNISOURCE WORLDWIDE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is before the Court[1] on the motion of defendant, Unisource Worldwide Inc. ("Unisource"), to transfer venue to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). [Doc. 4] The case was originally filed by plaintiff, Buckeye International, Inc. ("Buckeye"), in the Circuit Court of St. Louis County, State of Missouri, and was removed by Unisource to federal court on diversity grounds 28 U.S.C. §§ 1332 and 1441.

## Background

Buckeye is a Missouri corporation with its principal place of business in the city of Maryland Heights, County of St. Louis, State of Missouri. (Compl. ¶ 1.) Buckeye is engaged in the business of manufacturing, selling, and distributing janitorial supplies and maintenance products for commercial use. (Id. ¶ 4.) Unisource is a Delaware corporation with its headquarters and principal place of business in Norcross, Georgia. (Rainforth

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Declaration ¶ 2.) Unisource is an independent marketer and distributor of commercial printing and business imaging papers, packaging systems, and facilities supplies and equipment. (Id.) Unisource has four business locations in Missouri, three of which are in the St. Louis area. (See www.unisourcelink.com.) In its two-count action, Buckeye seeks actual and punitive damages from Unisource on theories of tortious interference with a contract (Count I) and a violation of the Missouri Uniform Trade Secrets Act, Mo.Rev.Stat. §§ 417.450-467 (Count II).

The factual allegations for its claims arise in the employment by Buckeye of Richard K. Lehman. Lehman was employed by Buckeye from March 5, 2001, through March 31, 2004, first as a sales representative for Buckeye's Phoenix, Arizona, territory and then as National Accounts Manager based in Phoenix. (Compl. ¶ 6.) Lehman signed a non-compete/confidential information agreement with Buckeye as a condition of his employment. (Id. ¶ 7; Compl. Ex. 1.)

On March 31, 2004, Unisource sent a letter to Lehman offering him employment with Unisource in Phoenix. (Compl. ¶ 15; Compl. Ex. 2.) Buckeye alleges that Unisource knew at the time that Lehman was subject to the non-compete agreement. (Compl. ¶ 16.) Lehman accepted a position with Unisource.[2] (Id. ¶ 17.)

Buckeye further alleges in its suit that Unisource was aware of Lehman's knowledge of confidential, proprietary, and trade secret information about Buckeye and its Phoenix

---

[2] Buckeye filed suit in St. Louis County against Lehman resulting in a judgment and permanent injunction entered on September 20, 2004, finding that Lehman violated the non-competition/confidentiality agreement between Buckeye and Lehman. (Compl. Ex. 5.)

customers, including PetsMart, one of Buckeye's largest customers in the Phoenix area. (Compl. ¶¶ 24, 25.)

John Rainforth, Unisource's area vice-president, avers that many of the documents relating to this litigation are located in Phoenix where Lehman worked while employed by Unisource and producing those documents in St. Louis would be a burden and an expense. (Rainforth Aff ¶¶ 3, 4.) Rainforth identifies fourteen individuals who are Unisource personnel located in Arizona and who are likely to have knowledge of core issues in the case. (Id. ¶¶ 5, 6.) Rainforth avers that the production of personnel in St. Louis for the trial would cause great expense and inconvenience and be disruptive to Unisource's business. (Id. ¶¶ 5, 6.) Buckeye counters with Lehman's response to interrogatories in a previous lawsuit, see note 2, *supra*, in which Lehman lists seven individuals who had knowledge of the facts surrounding Lehman's employment with Unisource and Buckeye. (Buckeye Ex. 3 at Interrog. Ans. No. 2.) Of the seven individuals named, three now work or have worked for Unisource in Phoenix. (Id.) Both parties list Richard Lehman as an important witness; and he resides in Phoenix, Arizona. Buckeye also lists as witnesses Brandon Faries, Lyndon Bleeker, and Lisa Baumann. These individuals reside and work in Missouri.

## Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is undisputed that this action could have been brought in Arizona.

"The statutory language [of § 1404(a)] reveals three general categories of factors that courts *must* consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." **Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 691 (8th Cir. 1997) (alteration and emphasis added). A district court's evaluation of a motion to transfer is not limited to these three factors. **Id.** Instead, these factors "are broad generalities that take on a variety of meanings in specific cases." C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure, § 3847 (2d ed. 1986). Thus, a district court has the discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 367 U.S. 612, 622 (1964)).

The Court is mindful when it is exercising its discretion that it is well established that the party seeking a transfer bears the burden of proving that a transfer is warranted. Accord **Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 695 (8th Cir. 1997); **Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.**, 244 F. Supp.2d 1015, 1023 (E.D. Mo. 2002); **Brockman v. Sun Valley Resorts, Inc.**, 923 F. Supp. 1176, 1179 (D. Minn. 1996). See also **Anheuser-Busch, Inc. v. City Merchandise**, 176 F. Supp.2d 951, 959 (E.D. Mo. 2001) ("In considering a § 1404(a) motion, the Court must give great weight to the plaintiff's choice of a proper venue.") (Anheuser-Busch, Inc.). "This is because § 1404(a) provides for transfer 'to a more convenient forum, not to a forum likely to prove equally convenient or

inconvenient.'" **American Standard, Inc. v. Bendix Corp.**, 487 F. Supp. 254, 261 (W.D. Mo. 1980) (quoting Van Dusen, 376 U.S. at 645-46).

Convenience of Witnesses. "Probably the most important factor . . . in passing on a motion to transfer under 28 U.S.C. § 1404(a) is the convenience of the witnesses." Federal Practice and Procedure at § 3851. See also **Anheuser-Busch, Inc.**, 176 F. Supp.2d at 959 ("The primary, if not the most important of [the § 1404(a) factors] is the convenience of the witnesses.") (alteration added; interim quotations omitted); **American Standard, Inc.**, 487 F. Supp. at 262 (holding to same effect). The witnesses to be considered, however, must be "substantially part of the case itself, as they relate to the occurrence of an accident or incident[.]" **Wilson v. Ohio River Co.**, 234 F. Supp. 283, 285 (W.D. Pa. 1964) (alteration added).

Unisource lists fourteen witnesses who reside in Arizona, will testify, and have knowledge of the core issues of this case. Buckeye lists three witnesses who reside in Missouri and will testify to core issues in the case. Both sides claim inconvenience if the case is tried in the opposing party's desired venue because of the location of these witnesses.[3]

The fourteen witnesses listed by Unisource are employed by Unisource. It is difficult for the Court to believe that Unisource could not prevail upon its employees to voluntarily appear in Missouri for the trial if needed. Unisource has not demonstrated that its witnesses

---

[3]A key and important witness in this matter is Lehman, who lives in Arizona. According to Buckeye, his attendance at deposition and trial in Missouri without a subpoena "has been contractually guaranteed at Buckeye's expense." (Buckeye Mem. at 11.) The Court will hold Buckeye to this guaranty.

- 5 -

or any other essential witness could not be compelled to appear in Missouri for trial or discovery.  Moreover, Buckeye's witnesses are from Missouri.  Moving the case to Arizona would create a convenience for Unisource and an inconvenience for Buckeye.  "Merely shifting the inconvenience from one side to another . . . obviously is not a permissible justification for a change of venue."  **Terra Int'l**, 119 F.3d at 696-97 (quoting Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992)) (alteration added).

Unisource further argues that producing the necessary documents in Missouri would work an extensive hardship on it.  Whether the case is presented in Missouri or Arizona, the same documents will be required.  Moving the documents from Arizona to Missouri does not, in itself, create such an inconvenience to merit a change of venue to Arizona.

Convenience of Parties.  Buckeye is a Missouri corporation located in Missouri.  According to the Unisource website, Unisource has four offices in Missouri, three of which are in the St. Louis area where the United States federal courthouse is located.  Unisource is a national corporation doing business over the entire country.  Unisource presents no valid argument to convince the Court that moving the case where three of its offices are located would be an inconvenience.

Interest of Justice.  Included in this factor are such considerations as the availability of judicial process to compel testimony from hostile witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and the practical considerations of cost and efficiency.  **Anheuser-Busch, Inc.**, 176 F. Supp.2d at 959. Accord **Jones v. GNC Franchising., Inc.**, 211 F.3d 495, 498-99 (9th

Cir. 2000); **Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.**, 43 F. Supp.2d 749, 754 (S.D. Tex. 1999); **American Standard, Inc.**, 487 F. Supp. at 264.

Neither party has argued that a hostile witness will be called. The law governing Count I is an issue in dispute. Missouri, Arizona, or federal law may be applied. The Court is accustomed to presiding over diversity actions in which the interpretation of state law other than Missouri is required. The Court is convinced that it can apply either of the applicable state laws in this case, just as the United States District Court in Arizona would be capable of applying Missouri law. Therefore, the Court finds that this factor does not weigh in favor of transfer.

Accordingly, after considering the three factors set out in § 1404(a), Unisource's burden, and the weight to be given Plaintiff's choice of forum,

**IT IS HEREBY ORDERED** that Unisource's motion to transfer venue [Doc. 4] is **DENIED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2005.